571 N.W.2d 370 (1997)
1997 ND 234
In the Matter of the Application for DISCIPLINARY ACTION AGAINST Dennis D. FISHER, a Member of the Bar of the State of North Dakota.
DISCIPLINARY BOARD OF THE SUPREME COURT OF NORTH DAKOTA, Petitioner,
v.
Dennis D. FISHER, Respondent.
Nos. 970343, 970344.
Supreme Court of North Dakota.
December 5, 1997.

ORDER OF SUSPENSION
On August 12, 1997, Dennis D. Fisher was served with a Summons and Petition for Discipline, asserting that Mr. Fisher stole a "Buck Tool" with the approximate value of $59.99, from Scheels sporting goods store in Grand Forks and that such behavior was a violation of Rule 1.2(A)(3), North Dakota Rules for Lawyer Discipline, (NDRLD), (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). The Petition requested that Dennis D. Fisher be disciplined for his conduct. Mr. Fisher filed his Response to this Petition on August 29, 1997, admitting that he was charged with a class B misdemeanor under NDCC § 12.1-32-01 for theft of property valued under $200 and that the disposition of the case was a deferred prosecution.
*371 Subsequently, on September 3, 1997, Disciplinary Counsel served an additional Summons and Petition for discipline asserting that Dennis D. Fisher has been convicted of the class B misdemeanor of theft in Cass County District Court, Criminal Case No. CR-97-02481, on August 20, 1997. The Petition further alleged that such behavior was a violation of Rule 1.2(A)(2), NDRLD (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and requested further discipline. No separate response was filed by Mr. Fisher.
Both matters were referred to the same Hearing Panel. Dennis D. Fisher, his attorney Lowell P. Botrell, and Vivian E. Berg, Disciplinary Counsel, signed a Stipulation and Consent to Discipline which was filed with the Disciplinary Board on October 13, 1997. In the Stipulation and Consent to Discipline Mr. Fisher admitted that he shoplifted a "Buck Tool" valued at $59.99 from Scheels which resulted in a deferred prosecution; the criminal proceeding was eventually dismissed at the request of the City Prosecutor. Mr. Fisher also admitted that he was convicted in Cass County District Court for the theft of two pairs of shorts valued at approximately $76 from Dayton's Fargo. Mr. Fisher agreed that such actions violated Rule 1.2(A)(2), NDRLD (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and were grounds for discipline.
The parties stipulated the following mitigating circumstances exist under standard 9.3, North Dakota Standards for Imposing Lawyer Sanctions: Mr. Fisher had no prior disciplinary record; restitution had been made in both instances, in good faith and a timely manner; he had been well-regarded as a competent and talented lawyer; he lost his employment as an Assistant United States Attorney after 19 years with the United States Department of Justice; he had been receiving treatment for personal and emotional stress, including intensive treatment since the time of the incidents; he made full and free disclosure in the disciplinary investigation and was cooperative toward the proceedings; he admitted the conduct in both petitions; and he is contrite and remorseful. Mr. Fisher consented to a 24 month suspension, stayed on the condition that he commit no further acts of theft during that period, and if there is a further act of theft, the stay will be vacated and the 24 month suspension instituted. He also consented to the payment of costs and expenses of the disciplinary proceedings in the amount of $150.
The Hearing Body filed its Report with the Disciplinary Board on October 17, 1997, accepting the Stipulation and Consent to Discipline and recommending the agreed upon discipline. The Disciplinary Board filed its Report with the Supreme Court on November 3, 1997, adopting the Findings and Recommendations of the Hearing Body and submitted the Report of the Disciplinary Board and the Report of the Hearing Body to the Supreme Court for consideration under Rule 3.1(G), NDRLD. The Court considered the matter and
ORDERED, that the previous Order of Interim Suspension dated September 17, 1997, is vacated and Dennis D. Fisher is suspended from the practice of law for a period of 24 months effective immediately. The suspension is stayed on the condition that Mr. Fisher commit no further act(s) of theft during the 24-month period, and should there be any further act(s) of theft, the stay of this suspension will be vacated and Dennis D. Fisher suspended from the practice of law for 24 months in addition to any further sanction imposed for further act(s) of theft.
IT IS FURTHER ORDERED, that Disciplinary Counsel shall notify the Court of any violation(s) occurring in the 24-month period.
IT IS FURTHER ORDERED, that Dennis D. Fisher pay the costs and expenses of the disciplinary proceedings in the amount of $150 payable to the Secretary of the Disciplinary Board.
 /s/ Gerald W. Vande Walle
 Gerald W. Vande Walle
 Chief Justice
 /s/ Herbert L. Meschke
 Herbert L. Meschke
 Justice
*372
 /s/ William A. Neumann
 William A. Neumann
 Justice
 /s/ Dale V. Sandstrom
 Dale V. Sandstrom
 Justice
 /s/ Mary Muehlen Maring
 Mary Muehlen Maring
 Justice